IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DARIEL BEAUDET, | ) | CIVIL NO. 17-00436 HG-KSC |
| | ) | |
|     Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS THE COMPLAINT AND DENY |
|   vs. | ) | THE APPLICATION TO PROCEED IN |
| | ) | FORMA PAUPERIS |
| WISCONSIN; VILAS COUNTY, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND
DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff Dariel Beaudet's ("Plaintiff") Application to Proceed In Forma Pauperis, filed September 21, 2017. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).  A complaint is frivolous if "it has no arguable substance of law or fact."  Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370.  Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Tripati, 821 F.2d 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

In the present case, even construing Plaintiff's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal with leave to amend is appropriate because the Complaint fails to state a claim

upon which relief can be granted. Federal Rule of Civil Procedure ("FRCP") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, the existence of subject matter jurisdiction is questionable. Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of

3

the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). Without a proper jurisdictional basis, this case must be dismissed. Indeed, the highly incomprehensible Complaint appears to challenge Wisconsin State Court proceedings, and assert a number of criminal allegations.

Pursuant to the Rooker-Feldman doctrine, "federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). The United States Supreme Court, not the lower federal courts, are vested "with appellate jurisdiction over state court judgments." Id. (citing Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." Id. (citing Noel v. Hall, 341 F.3d 1148, 1155 (9th Cir. 2003)).

The Court is unable to discern whether subject matter jurisdiction exists based on the allegations in the Complaint. The Court therefore recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915. Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). Because Plaintiff is proceeding pro se, and it is not clear that the deficiencies could not be cured by amendment, the Court recommends that the

dismissal be without prejudice and that Plaintiff be allowed to amend her Complaint.

Even if the Court was not recommending dismissal, it would be unable to properly assess Plaintiff's IFP Application because the Application is incomplete. For example, Plaintiff represents that in the past 12 months, she received income from 1) rent payments, interest, or dividends and 2) other sources. However, rather than describing the sources of money or the amounts received, and providing information about whether she expects to receive in the future, Plaintiff simply states: "(1) Social Security Exhibit (B) (2) Alaska Permanent Fund Dividend $1000 - Dec. 2016." Plaintiff did not attach any exhibits, but it appears that she is referring to Exhibit B to the Complaint, which contains information about Social Security Benefits. There is no information about the frequency with which she receives the fund dividend, and whether she will continue to receive amounts from the same.

The incompleteness of the Application precludes the Court from evaluating Plaintiff's present financial situation. In the absence of complete and accurate information, the Court cannot ascertain whether it is appropriate to permit Plaintiff to proceed in forma pauperis. For these reasons, the Application should be DENIED WITHOUT PREJUDICE.

If Plaintiff elects to file an amended complaint, she

5

should do so by **October 30, 2017.** Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.3. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case.

## CONCLUSION

In accordance with the foregoing, the Court makes the following recommendations:

1) the Complaint be DISMISSED with leave to amend;

2) Plaintiff be GRANTED until **October 30, 2017,** to file an amended complaint curing the deficiencies identified above;

3) Plaintiff be instructed to title her amended pleading "First Amended Complaint";

4) the IFP Application be DENIED;

5) Plaintiff be directed to file an IFP Application or pay the requisite filing fee by **October 30, 2017;** and

6) Plaintiff be cautioned that failure to timely file an amended complaint that cures the deficiencies identified above, along with the requisite filing fee or another IFP Application, will result in the dismissal of the action.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, September 25, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CV 17-00436 HG-KSC; BEAUDET V. WISCONSIN, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND DENY THE APPLICATION TO PROCEED IN FORMA PAUPERIS